```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
    FILED
  DEC 13 2013
CLERK, U.S. DISTRICT COURT
  By_____
         Deputy
```

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY, § § § Plaintiff, § § VS. § SENTRY SELECT INSURANCE § COMPANY, ET AL., § § Defendants. § | NO. 4:13-CV-751-A |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to remand filed in the above action by plaintiff, Pennsylvania Lumbermens Mutual Insurance Company.[1] Defendant Sentry Select Insurance Company[2] ("Sentry") filed a response, and plaintiff filed a reply. Having considered the parties' filings, the record in this case, and the applicable legal authorities, the court concludes that the motion to remand should be denied, and that plaintiff should file an amended complaint, consistent with this order.

---

[1] The court notes that the motion to remand is signed by a law firm. The court requires that all papers filed with the court be signed by attorneys admitted to practice before this court, rather than law firms. Future filings signed by a law firm, rather than an attorney, are subject to being unfiled by the court. The parties are directed to pages 5-6 & n.3 of the form status report order, the link to which can be found on the website of the United States District Court for the Northern District of Texas at http://www.txnd.uscourts.gov/judges/jmcbryde_req.html. See also Pavelic & LeFlore v. Marvel Entm't Group, 493 U.S. 120, 125-26 (1989).

[2] Also named as defendants are Byron Walker and Mary Walker, individually and as representatives of the estate of Reagon Lynn Walker, deceased, and Kaitlyn Nicole Larsen ("Larsen").

I.

Background

Plaintiff initiated this action by filing its original petition for declaratory judgment in the District Court of Parker County, Texas, 43rd Judicial District. Sentry filed its notice of removal on September 12, 2013, invoking the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Because of a concern that Sentry had failed adequately to establish the required amount in controversy, the court on September 16, 2013, ordered Sentry to file an amended notice of removal that set forth with specificity the basis of its assertion that the amount in controversy exceeded $75,000.00, exclusive of interests and costs. Sentry timely complied with the court's order, filing its amended notice of removal on September 27, 2013.

II.

Motion to Remand and Response

Plaintiff filed its motion to remand on October 24, 2013. The basis of the motion is that 28 U.S.C. § 1441(a) & (b) foreclosed removal of this action because all of the defendants other than Sentry are citizens of Texas. In response, Sentry argued that plaintiff's motion to remand was untimely because it was not filed within thirty days of Sentry's notice of removal.

III.

Applicable Law and Application of Law to Facts

The removal statute, 28 U.S.C. § 1441, provides that a civil action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This provision is commonly referred to as the "forum-defendant rule." Also pertinent here, the statute requires that any "motion to remand . . . on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). The Fifth Circuit has concluded that improper removal under § 1441(b)(2) is a "defect other than lack of subject matter jurisdiction" that is waived if not raised by a motion to remand filed within thirty days of the notice of removal. In re Shell Oil Co., 932 F.2d 1518, 1523 (5th Cir. 1991).

There is no question that the motion to remand was not filed within thirty days of the date Sentry filed its notice of removal. Plaintiff argues, however, that its motion to remand is timely because it was filed within thirty days of the date defendant filed its amended notice of removal. Plaintiff claims this was in deference to the court's order for Sentry to file an

3

amended notice of removal. The Fifth Circuit is clear that a motion to remand based on the forum-defendant rule is non-jurisdictional and is waived if not filed within thirty days of the date of the notice of removal. Plaintiff has cited no authority where the thirty-day period begins to run from an amended, rather than original, notice of removal. Absent such authority, the court must rely on the language of § 1447(c) and Fifth Circuit precedent.[3] Accordingly, the motion to remand is denied.

IV.

Plaintiff Must File An Amended Complaint

Having now determined that the motion to remand should be denied, the court concludes that plaintiff must file an amended complaint.

The filing of an amended complaint is not a trivial matter. Rule 81(c) of the Federal Rules of Civil Procedure provides that following removal, "repleading is unnecessary unless the court orders it." However, the rules of pleading differ from Texas state court to federal court. While Texas "follows a 'fair

---

[3] The court notes that at least one of the other defendants, Larsen, was served with process and filed an answer in state court prior to removal. However, the court is unable to locate in the record where Larsen has consented to the removal as required by 28 U.S.C. § 1446(b)(2)(A). While such an omission renders the removal petition defective, it is a non-jurisdictional defect that is waived if not raised in a timely-filed motion to remand. See Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990).

notice' standard for pleading," Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 896 (Tex. 2000), a complaint in federal court must plead facts that show the plaintiff's right to relief is plausible. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Further, the court does not accept conclusory allegations or unwarranted deductions of fact in a federal court complaint as true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 9 of the Federal Rules of Civil Procedure also imposes additional pleading requirements on a party alleging fraud or mistake. Thus, the court finds it beneficial to its adjudication of the case to have a plaintiff in a removed action replead consistent with the Federal Rules of Civil Procedure.

Bearing in mind the aforementioned principles, the court now concludes that plaintiff should file an amended complaint that complies with the requirements of Rule 8(a), Rule 10, and, if applicable, Rule 9, of the Federal Rules of Civil Procedure, and with the Local Civil Rules of the United States District Court for the Northern District of Texas. Upon receipt of the amended complaint, each defendant must answer or otherwise respond to the amended complaint.

V.

<u>Order</u>

Therefore,

The court ORDERS that:

(1) Plaintiff's motion to remand be, and is hereby, denied;

(2) Plaintiff by December 30, 2013, file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of Texas; and,

(3) Each defendant by January 17, 2014, file an answer or other response to the amended complaint.

The court further ORDERS that failure of any party to comply with this order may result in the imposition of sanctions, up to and including dismissal of plaintiff's claims or granting of a default judgment, as appropriate.

SIGNED December 13, 2013.

_____
JOHN McBRYDE
United States District Judge

6